IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No:

ANDREW J. O'CONNOR

    Plaintiff,

v.

LEWIS T. BABCOCK,

    Defendant.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 15 2020

JEFFREY P. COLWELL
CLERK

### VERIFIED COMPLAINT PURSUANT TO 42 U.S. C. § 1983

**COMES NOW,** Pro Se Plaintiff Andrew J. O'Connor and files this Verified Complaint Pursuant to 42 U.S. C. § 1983 against Defendant Lewis T. Babcock, who acted maliciously and corruptly without jurisdiction and failed to act in his judicial capacity violating his oath to uphold the Constitution. Plaintiff seeks redress for actual damages, compensatory damages, punitive and statutory damages including, but not limited to violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 under ***Bivens v. Six Unknown Narcotics Agents,*** 403 U.S. 388 (1971), for defamation, discrimination, violations of Plaintiff's due process and civil rights under the First. Fifth, Eighth, Ninth and Fourteenth Amendments of the U.S. Constitution and for violations of the Americans with Disabilities Act 42 U.S.C. § 1201 et. seq., plus reasonable attorney fees and costs associated with this action under the 1976 Civil Rights Attorney's Fees Award Act, 42 U.S.C. A. § 1988, pursuant to ***Pulliam v. Allen,*** 466 U.S. 522, 104 S. Ct.

1

1970, 80 L. Ed 2d 565 (1984).

## JURISDICTION

Plaintiff claims federal jurisdiction pursuant to Article III § 2 which extends jurisdiction to cases arising under the U.S. Constitution. Plaintiff brings this suit pursuant to 42 U.S.C. § 1983 for violations of certain protections guaranteed to him by the First. Fifth, Eighth, Ninth and Fourteenth Amendments of the U.S. Constitution.

## PARTIES

1. Pro Se Plaintiffs Andrew J. O'Connor ("Plaintiff") is a resident of Boulder County, Colorado and an attorney, not admitted to the Colorado Bar, who worked as an assistant public defender and drug court attorney representing indigent, mostly innocent defendants.

2. Defendant Lewis T. Babcock ("Babcock") is Senior Judge, United States District Court for the District of Colorado, appointed by Ronald Reagan in 1988, who worked as an assistant district attorney prosecuting mostly innocent defendants. At all times relevant to this action, Babcock acted maliciously and corruptly without jurisdiction and failed to act in his judicial capacity violating his oath to uphold the Constitution. Babcock's actions were in violation of Federal law including, but not limited to, 42 U.S.C. § 1983, 42 U.S.C. §1201 et. seq., and for violations of Plaintiff's due process and civil rights under the First. Fifth, Eighth, Ninth and Fourteenth Amendments of the U.S. Constitution.

## STATEMENT OF THE CASE

In the American judicial system, few more serious threats to individual liberty can be imagined than a corrupt judge like Defendant Babcock. Clothed with the power of the

2

Federal government and authorized to pass judgment on the most basic aspects of everyday life, Babcock deprived Plaintiff and pro se litigants of liberty and property in complete disregard of the Constitution. The injuries that Babcock inflicted upon Plaintiff and pro se litigants are severe and enduring. As early as 1806, the Supreme Court in *Wise v. Withers*, 7 U.S. (3 Cranch) 331 (1806), recognized a right to sue a judge for exercising authority beyond the jurisdiction authorized by statute.

Title 42 U.S.C. Code § 1983, provides that:

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of Any State or Territory, subjects, or causes to be subjected, any citizen of the United states or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.*

On June 10, 2020, Plaintiff filed a complaint of Judicial Misconduct or Disability about Senior Judge Lewis T. Babcock for his pattern of discrimination and civil rights violations and the canons of Code of Conduct for United States Judges. That complaint involved Babcock's pattern of judicial misconduct and civil rights violations in The United States District Court for the District of Colorado, *O'Connor v. Merida,* Case No: 20-cv-01141-GPG and in every single case that Plaintiff has filed which Babcock presided over and acted maliciously and corruptly without jurisdiction failing to act in his judicial capacity and violating his oath to uphold the Constitution. Babcock's actions were in violation of Federal law including, but not limited to, 42 U.S.C. § 1983, 42 U.S.C. §1201 et. seq., and for violations of Plaintiff's due process and civil rights under the First. Fifth, Eighth, Ninth and Fourteenth Amendments of the U.S. Constitution.

3

The problem with Babcock, Federal judges in general and judges in the United States District Court for the District Court of Colorado in particular is that they have lifetime appointments and are highly paid making them arrogant and causing them to forget that their job is to serve the public and that they are paid by the taxpayers. In fact, the United States District Court for the District Court of Colorado, of which Babcock is the Senior Judge, has the worst reputation in the United States for the way it routinely mistreats pro se litigants and refuses to ever be transparent or held accountable. It is undisputed that Babcock and magistrates and judges in The United States District Court for the District of Colorado are moral monsters bought and sold by defense attorneys, law firms, lobbyists, establishment, banks, business, employers, police, institutions and government entities and are so corrupt, dishonest, lacking in integrity that the public has lost all faith in Babcock and The United States District Court for the District of Colorado.

Clearly, Babcock is disabled, suffers from dementia and mental illness, is incompetent and incontinent, and must be removed from the bench. He is severely impaired, mentally ill, delusional, incontinent and physically and psychologically incapable of competently performing his duties as a judge or dispensing justice. In other words, Babcock is physically, mentally and psychologically unfit to be a judge. Babcock refuses to allow Plaintiff or any pro se litigant to have their day in court in order to redress grievances and has a pattern of discrimination and deprivation of constitutional rights and due process against Plaintiff and pro se litigants. Furthermore, Babcock either does not understand because of his dementia and mental illness or does not believe that Plaintiff and pro se litigants are entitled to pro se deference or their day in Court. In fact, Babcock is so deluded and out of it that he thinks that every pro se litigant is a prisoner. He is

4

incapable or unwilling to afford Plaintiff or any pro se litigant a fair hearing and he must be removed from the bench.

Babcock's vicious and bad faith rulings demonstrate just how impaired, mentally ill and incompetent he truly is because he routinely lacks jurisdiction and acts outside of his judicial capacity violates Plaintiff's and pro se litigants' civil rights attempting to censor and silence them violating their First Amendment and due process rights. He has a pattern of and demonstrated bias, hostility and prejudice against Plaintiff and all pro se litigants. He is a menace to justice who always rules in favor of the defense attorneys, law firms, the establishment, business, banks, employers, police, institutions and government entities. This bad faith misconduct is demonstrated in the Order of Dismissal dated June 5, 2020, as follows:

> *Although, those motions are denied as moot, the Court warns Plaintiff that the abusive and offensive in the motions and affidavits serve no legitimate purpose and will not be tolerated. A Federal Court is not a bully pulpit.*

In fact, it is Babcock and the judges and magistrates in The United States District Court for the District of Colorado who are the bullies toward Plaintiff and all pro se litigants. It is Babcock and the judges and magistrates in The United States District Court for the District of Colorado who are abusive and offensive toward plaintiff and all pro se litigants and they serve no legitimate purpose and the people will no longer tolerate it.

Not only do Black lives not matter to Babcock and The United States District Court for the District of Colorado but Plaintiff's life and all pro se litigants' lives do not matter to Babcock and The United States District Court for the District of Colorado because we do not have the money to bribe Babcock and the magistrates and judges in The United States District Court for the District of Colorado. Babcock, the magistrates and

5

I.

judges in The United States District Court for the District of Colorado police, defense attorneys, law firms, lobbyists, capitalists, banks, the establishment, business, employers, institutions and government entities are all at war with the American people.

Metaphorically, Babcock and the magistrates and judges in The United States District Court for the District of Colorado have their foot on the neck of the Plaintiff and all pro se litigants and they can't breathe. Malcolm X said:

*I don't call it violence when it is in self-defense. I call it intelligence.*

Would anyone blame Black people in Denver if they declared open season on White cops and burned down symbols of capitalistic oppression like police stations, banks and the Alfred A. Arraj United States District Courthouse? The people and pro se litigants must be intelligent and defend themselves against the economic violence and brutality perpetuated upon them by Babcock, the magistrates and judges in The United States District Court for the District of Colorado, police, defense attorneys, law firms, lobbyists, capitalists, banks, the establishment, business, employers, institutions and government entities.

If the above referenced inappropriate and abusive statement by Babcock and his pattern of judicial misconduct does not demonstrate his incompetence, acting without jurisdiction and failing to act in his judicial capacity violating his oath to uphold the Constitution then nothing does. Babcock doubles down on his judicial misconduct further demonstrate his incompetence and malice, acting without jurisdiction and failing to act in his judicial capacity violating his oath to uphold the Constitution by denying Plaintiff his right to appeal his unconstitutional and unjust order as follows:

6

> *Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal.*

By wrongfully denying Plaintiff his right to appeal, Babcock demonstrated that he is an ethically challenged, deranged and corrupt fascist who is unfit to be a sitting judge. Babcock's corrupt and malicious rulings inflict severe injuries to Plaintiff and pro se litigants. Because Babcock is unscrupulous, unprincipled and refuses to be held accountable he violates the Constitution with corrupt immunity. Most disturbing is this instance in which Babcock ensures that an appeal, cannot remedy the wrong inflicted on Plaintiff. If an appeal is the proper method of challenge, the judiciary cannot justify granting immunity to Babcock who has prevented an appeal from occurring in this case. The opportunity to appeal is the most crucial remedy to a corrupt judge like Babcock based on the policy that appeal, not a suit for damages, is the preferred method of challenging a judge's improper actions. Babcock's deprivation of the opportunity to appeal effectively renders this policy meaningless and makes the present lawsuit necessary for proper redress. Because Babcock took actions to prevent appeal, he cannot be protected by immunity. ***Dykes v. Hosemann,*** 743 F. 2d 1488, 1496 (11th Cir. 1984).

The Court cannot allow Babcock to escape liability for acts of revenge, gross favoritism, improper seizure of property, unjust incarceration or serious injuries *inflicted in a judicial capacity*, which does not apply in the present case because Babcock lacked jurisdiction and failed to act in a judicial capacity. Babcock chose to act corruptly and the logical result of any misapplication of the immunity doctrine to him would be the destruction of Plaintiff's and all pro se litigants' due process rights. Babcock and the magistrates and judges of the United States District Court for the District Court of

Colorado cannot be privileged to violate the rights of Plaintiff and pro se litigants unfortunate enough to find themselves in a biased, corrupt or irresponsible court presided over by moral monsters.

Babcock is malicious, corrupt and has a demonstrated pattern of acting with bias, hostility and prejudice against Plaintiff and all pro se litigants and in favor of defense attorneys, law firms, lobbyists, establishment, business, employers, police, institutions and government entities then nothing does. When Plaintiff and pro se litigants proceed pro se they are entitled to their day in court, pro se deference and an unbiased and objective jurist which Babcock and the magistrates and judges in The United States District Court for the District of Colorado never provide.

All cases filed by pro se litigants are always an uphill battle because they are up against a corrupt and dishonest judiciary, multi-million-dollar defense law firms with their army of partners, associates, paralegals and law clerks using unlimited taxpayer resources. It is no surprise that capitalists, employers, corporations, banks, government institutions, and police in Denver are never held accountable for discrimination, unlawful terminations, theft from consumers, police brutality and murder with corrupt judges like Babcock and the magistrates and judges in The United States District Court for the District of Colorado allied against the people. It is impossible for a pro se litigant to win a case before Babcock and in The United States District Court for the District of Colorado.

Before Babcock was appointed to the bench by Ronald Reagan, another ethically challenged Republican and dementia patient, he was an assistant district attorney in La Junta, Colorado where he lied and was responsible for prosecuting numerous innocent people.

Defendant and this Court discriminated against Plaintiff because of his disability, a traumatic brain injury in violation of the Americans with Disabilities Act 42 U.S.C. § 1201 et. seq. and Title VII of the Civil Rights Act. Plaintiff has a traumatic brain injury and belongs to a group protected by the Americans with Disabilities Act. Plaintiff graduated from law school in 1987 and practiced law as an assistant public defender and drug court attorney in Florida and New Mexico. On April 30, 1992, Plaintiff was severely injured and permanently disabled when he was hit head-on by a drunken driver in Pinellas County, Florida. Plaintiff suffered multiple blunt trauma injuries, including, but not, limited to: closed head injury resulting in a traumatic brain injury and necessitating a medically induced coma; fractured cheekbones resulting in surgery for titanium mesh implants, loss of teeth resulting in several surgeries for dental implants and bone grafts, surgical removal of damaged gall bladder and spleen, numerous surgeries to stop bleeding and repair damaged liver; two collapsed lungs or pneumothorax necessitating being placed on a ventilator and insertion of chest tubes; fractured femur necessitating surgery for insertion of titanium rod; broken tibia necessitating surgery for insertion of titanium rod; fractured ankle necessitating surgery for insertion of a metal plate, screws and bolts. Plaintiff was hospitalized for over one year and required numerous surgeries and was placed on a feeding tube for most of the time that he was hospitalized and his weight fell below 100 lbs. Plaintiff underwent speech therapy, occupational and physical therapy where he learned to walk and talk again; however, he was permanently disabled and placed on inactive status with the Florida Bar.

Instead of supporting pro se Plaintiff in his recovery, Defendant and The United States District Court for the District of Colorado have character assassinated, stigmatized,

9

defamed and demonized him and they should be ashamed of themselves but they aren't because everybody knows that Defendant and The United States District Court for the District of Colorado lack integrity, a moral foundation, any modicum of decency, are corrupt and unethical and always put profits before people.

### **PRAYER FOR RELIEF**

**WHEREFORE**, having set forth various claims against the Defendant, Pro Se Plaintiff Andrew J. O'Connor prays for the following relief:

a. Issue injunctive relief commanding Defendant's actions toward Plaintiff and pro se litigants unconstitutional;

b. Issue declaratory relief as the Court deems appropriate;

c. That the Plaintiff be awarded punitive damages for violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, under ***Bivens v. Six Unknown Narcotics Agents,*** 403 U.S. 388 (1971), for defamation, discrimination, violations of Plaintiff's due process and civil rights under the First. Fifth, Eighth, Ninth and Fourteenth Amendments of the U.S. Constitution and for violations of the Americans with Disabilities Act 42 U.S.C. § 1201 et. seq., plus reasonable attorney fees and costs associated with this action under the 1976 Civil Rights Attorney's Fees Award Act, 42 U.S.C. A. § 1988, pursuant to ***Pulliam v. Allen,*** 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed 2d 565 (1984).

d. That the Plaintiff be awarded damages to be fully proved at the time of trial including, but not limited to economic, compensatory and actual damages;

e.  That Plaintiffs be awarded treble damages and reasonable attorney's fees and costs pursuant to 42 U.S.C. §1201 et. seq., and Title VII of the Civil Rights Act; and

f.  That the Court grant any such other relief that may be just and proper.

## DEMAND FOR JURY TRIAL

Pro Se Plaintiff Andrew J. O'Connor, hereby demands a trial by jury.

**Dated:** June 11, 2020

Respectfully submitted,
**ANDREW J. O'CONNOR**

*s/Andrew J. O'Connor*
**ANDREW J. O'CONNOR**
Pro Se Plaintiff
1220 W. Devonshire Court
Lafayette, CO 80026
Tel: (303) 882-1693
Email: oconnorandrew@hotmail.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, **VERIFIED COMPLAINT PURSUANT TO 42 U.S.C. § 1983** was filed and served via email or Regular U.S. Mail on the following:

The United States District Court for The District Court of Colorado
Lewis T. Babcock, Senior Judge, United States District Court
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294-3589
(303) 844-3433
cod_prose_filing@cod.uscourts.gov


**ANDREW J. O'CONNOR**


*s/Andrew J. O'Connor*
**ANDREW J. O'CONNOR**

12



Andrew O'Connor
1220 W. Devonshire Court
Lafayette, CO 80026

Alfred A. Arraj U.S. Courthouse
Room A105
Attn: Lewis T. Babcock, Senior Judge
901 19th Street
Denver, CO 80294-3589





U.S. POSTAGE PAID
FCM LG ENV
LAFAYETTE, CO
80026
JUN 12, 20
AMOUNT
$1.40
R2305H130471-10

